ad valorem under paragraph 777 (b) of the Tariff Act of 1930. The protest claim was that the merchandise should have been classified and liquidated, as entered, that is, as confectionery, not specially provided for, subject to duty under paragraph 506, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, at 14 percent ad valorem, plus tax.

On trial, plaintiff ignored the issue pleaded in its protest, accepted the collector's classification on liquidation, and raised (without amending or even attempting to amend its protest) the new claim not pleaded in its protest, "that the merchandise should have been returned under the Czechoslovakian treaty at 20%" (p. 2).

Although time was requested and granted for filing briefs, subsequently, counsel gave notice they intended not to file briefs, and they have not done so.

There are no proofs that conform to plaintiff's pleading in its protest. There is, therefore, no judgment which this court can render for plaintiff in support of the protest. *United States* v. *Jacobson & Sons Co.*, 10 Ct. Cust. Appls. 191, T. D. 38551; *United States* v. *Globe Shipping Co., Inc.*, 19 C. C. P. A. (Customs) 148, T. D. 45262.

We do not pass on the issue as to any treaty. It would be futile and, indeed, improper for us to attempt to decide an issue which the pleadings do not present for our decision. Our appeals court has so held in the cited cases.

The protest is overruled. Judgment will be rendered accordingly.

**No. 60377.**—F. C. Mackay et al. *v.* United States, protests 171359–K, etc. (Pembina).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of beef similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiffs was sustained.

**No. 60378.**—Kollners, Inc., and Hudson Shipping Co., Inc. *v.* United States, protest 200131–K (New York).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of beef or veal similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiffs was sustained.

**No. 60379.**—Alfred H. Marzolf *v.* United States, protest 279690–K (Seattle).

Opinion by DONLON, J.  In accordance with stipulation of counsel that the merchandise consists of beef similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiff was sustained.

**No. 60380.**—Scribbans-Kemp (USA), Ltd. *v.* United States, protests 208869–K and 199574–K (New York).

Opinion by DONLON, J.  Counsel for the respective parties stipulated as to the net weights of the biscuits in question, described as Bourbon, Carlton, Shortcake, and Devon.  On the agreed facts and on the basis of the respective net weights stipulated, it was held that the biscuits are taxable under sections 2470 and 2491, Internal Revenue Code, as modified, *supra*, as follows: (1) As to the biscuits, described as Bourbon, 1.90 percent of the net weight consisting of coconut oil, at 5 cents per pound; 5.78 percent consisting of palm-kernel oil, at 3 cents per pound; and 3.88 percent consisting of whale oil, at 1½ cents per pound; (2) as to the biscuits, described as Carlton, 5.12 percent of the net weight consisting of coconut oil, at 5 cents per pound; 10.68 percent consisting of palm-kernel oil, at 3 cents per pound; and 5.56 percent consisting of whale oil, at 1½ cents per pound; and (3) as to the biscuits, described as Shortcake, 7.45 percent of the net weight consisting of palm-kernel oil, at 3 cents per pound, and 7.45 percent consisting of whale oil, at 1½ cents per pound.  As to the biscuits, described as Devon, which contained none of the products specified in the Internal Revenue Code, such biscuits were held not to be taxable thereunder.  All claims with respect to other merchandise covered by these protests, having been abandoned, were dismissed.

**No. 60381.**—F. E. Macartney *v.* United States, protests 249301–K, etc. (Duluth).

Opinion by DONLON, J.  In accordance with stipulation of counsel that the merchandise consists of ergoty screenings similar in all material respects to those the subject of *Universal Laboratories* v. *United States* (35 Cust. Ct. 23, C. D. 1715), the claim for free entry was sustained as to the percentages of ergot content of the merchandise, as set forth in the schedule "A," attached to and made part of the decision.  The remaining merchandise was held dutiable, as assessed.

**No. 60382.**—Alexander & Baldwin, Ltd., et al. *v.* United States, protests 194297–K, etc. (Honolulu).

Opinion by DONLON, J.  In accordance with stipulation of counsel that the merchandise consists of sazae similar in all material respects to the commodity involved in *Pacific Mutual Sales Co.* v. *United States* (36 Cust. Ct. 100, C. D. 1758), the claim of the plaintiffs was sustained.